PEOPLE v CHAPMAN

Docket No. 79478. Submitted October 9, 1984, at Detroit.—Decided December 26, 1984. Leave to appeal granted, 422 Mich 934.

Weyman D. Chapman was arrested after a police officer stopped Chapman's vehicle because of a cracked windshield and discovered that there was an outstanding traffic warrant on Chapman and that his driver's license had been suspended. During a pat-down search of Chapman, the officer discovered a pill bottle with a prescription on it in Chapman's name. Not being able to see into the bottle, the officer opened it and discovered that it contained a controlled substance. At the preliminary examination in the 36th District Court for the City of Detroit, the magistrate, Wendy M. Baxter, J., determined that the police officer should have obtained a warrant before opening the pill bottle and therefore suppressed the evidence and dismissed the charges. The prosecutor appealed that decision to the Detroit Recorder's Court, which affirmed, Samuel C. Gardner, J. The prosecutor then sought leave to appeal in the Court of Appeals, but leave was denied. The prosecutor then sought leave to appeal to the Supreme Court, which, in lieu of granting leave to appeal, remanded the case to the Court of Appeals for consideration as on leave granted, 419 Mich 903 (1984). *Held:*

1. The fact that the magistrate may have applied federal law in making her decision does not mean that the Recorder's Court erred in basing its decision on a mixture of federal and state law.

2. The police officer did not have a right to conduct an inventory search pursuant to taking defendant into custody. He did have a right to search for weapons and to seize any obvious contraband uncovered in such search. The contents of the pill bottle was not obvious contraband until the officer opened the

REFERENCES FOR POINTS IN HEADNOTE

8 Am Jur 2d, Bail and Recognizance § 10.

68 Am Jur 2d, Searches and Seizures §§ 37, 106.

Lawfulness of "inventory search" of motor vehicle impounded by police. 48 ALR3d 537.

bottle. He should not have opened the bottle without first obtaining a search warrant.

Affirmed.

CRIMINAL LAW — ARREST — SEARCHES AND SEIZURES — WEAPONS SEARCHES — CONTRABAND.

Police officers do not have the right to conduct an inventory search of a defendant when taking him into custody where the defendant is entitled to immediate bond under the interim bail statute; an officer may only search for weapons and seize any obvious contraband uncovered during that search (MCL 780.581; MSA 28.872[1]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Andrea L. Solak,* Assistant Prosecuting Attorney, for the people.

*Mark R. Hall,* for defendant on appeal.

Before: V. J. BRENNAN, P.J., and T. M. BURNS and C. M. FORSTER,* JJ.

PER CURIAM. Defendant was charged with two counts of possession of a controlled substance, MCL 333.7403(2)(b); MSA 14.15(7403)(2)(b). The lower court suppressed the evidence and dismissed the charges. The prosecution now appeals by leave granted.

At the preliminary examination, the arresting officer testified that he stopped the defendant's vehicle because the windshield was cracked. The officer then learned that defendant was wanted on an outstanding traffic warrant and that his license had been suspended. The officer placed defendant under arrest and patted him down. During the search, the officer discovered a vial on the left waistband-hip area of defendant's trousers. The

---

* Circuit judge, sitting on the Court of Appeals by assignment.

officer seized the vial which turned out to be a pill bottle with a prescription on it in defendant's name. The officer could not see into the vial, so he opened it up and discovered that it contained a controlled substance. Based on this testimony, the magistrate determined that the police officer should have obtained a warrant before opening the pill bottle and therefore suppressed the evidence. The prosecutor appealed to the Recorder's Court of Detroit, which affirmed the magistrate's determination. The prosecutor sought leave to appeal to this Court, but leave was denied. The prosecutor then sought leave to appeal to the Supreme Court, which, in lieu of granting leave to appeal, remanded the case to the Court of Appeals for consideration as on leave granted, 419 Mich 903 (1984).

On appeal, the prosecutor argues that, since the magistrate applied federal law, the Recorder's Court erred in considering a mixture of federal and state law. Even assuming that the prosecutor is correct in asserting that the magistrate based her decision on federal law and that the Recorder's Court based its decision on a mixture of federal and state law, the prosecution misplaces its reliance on *Michigan v Long,* 459 US 904; 103 S Ct 3469; 77 L Ed 2d 1201 (1983). The portion of *Long, supra,* that the prosecution relies on was solely concerned with the jurisdiction of the United States Supreme Court's review of a state decision. In *Long,* the U. S. Supreme Court did not hold that the law applied by a lower state court is binding upon and controls the scope of review by a higher state court. The Recorder's Court therefore properly considered *People v Dixon,* 392 Mich 691; 222 NW2d 749 (1974). In *Dixon,* the Supreme Court held that when a defendant is entitled to immediate bond under the interim bail statute, MCL

780.581; MSA 28.872(1), police officers do not have the right to conduct an inventory search pursuant to taking the defendant into custody. The officer may however search for a weapon and, if the officer uncovers obvious contraband during the search, he may seize it. The pills in the instant case were in a bottle labeled with a prescription. The officer could not see into the pill bottle to determine whether it contained contraband. This was not obvious contraband and the officer should not have searched into the bottle. If the officer could have seen into the pill bottle without opening it and noticed that the bottle contained contraband, the officer could seize it. *People v Moore,* 391 Mich 426; 216 NW2d 770 (1974). This was not the situation in the instant case. The lower courts did not err.

Affirmed.